**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ESSEX INSURANCE COMPANY**                                            **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 4:06CV23-P-B**

**ANNETTE PARNELL, on behalf
of the Estate of the Wrongful Death
Beneficiaries of Albert O'Neal
Lindsey, Sr., Deceased, GREENVILLE
CONVALESCENT HOME, INC.;
and BONNIE HATTEN**                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on defendant Parnell's Motion to Dismiss, Or In the Alternative, Remand to State Court [9-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

On December 25, 2005, Annette Parnell filed a lawsuit in the Circuit Court of Washington County against Greenville Convalescent Home, Inc., (hereafter GCH) Bonnie Hatten and others for the wrongful death of her father, Albert O'Neal Lindsey, Sr, which she alleged to be the result of certain acts and omissions on the part of Hatten and other employees responsible for Lindsey's care and treatment.

Essex Insurance Company insured GCH during a portion of Mr. Lindsey's lengthy residence at GCH.[1] When Essex learned of Parnell's suit against GCH and Hatten, it filed a declaratory judgment action seeking a determination regarding its duties of defense and indemnity under the applicable insurance policies.[2] Essex joined the plaintiff in the underlying state court action as a defendant, in addition to GCH and Hatten.

Parnell responded by filing a motion seeking dismissal or remand of Essex's suit for declaratory judgment. The motion has been fully briefed and is ripe for decision.

LEGAL ANALYSIS

I.  Motion to Remand

Although phrased as an alternative demand for relief, the Court addresses plaintiff's remand request first because it requires little analytical effort. Remand is only possible in those cases which have been removed from state court to federal court. Inasmuch as the instant action originated in federal court, remand is not an option. Accordingly, Parnell's motion to remand is not well-taken and should be denied.

II. Motion to Dismiss

The primary relief sought by Parnell is dismissal of Essex's declaratory judgment action. As grounds for the motion, Parnell asserts that Essex "should" have sought declaratory relief by intervening in the underlying state court proceeding; she further represents her intention to amend

---

[1] Mr. Lindsey resided in the nursing home from June 20, 1995 until the time of his death on January 3, 2005.

[2] The policies in question are: No. 3AN4419, which provided coverage from June 7, 1997 to July 7, 2001; No. 3AP3724, which provided coverage from June 7, 1999 to July 7, 2000; and No. 3AQ4826, which provided coverage from July 7, 2000 to July 7, 2001.

her complaint in that cause to include Essex as a party defendant.[3] Essex opposes Parnell's motion to dismiss and urges that a proper exercise of discretion requires that Parnell's motion be denied.

Because this is a declaratory judgment action, the Court retains a measure of discretion with regard to whether to exercise jurisdiction. Trejo v. St. Paul Insurance Company, 39 F.3d 585, 590 (5th Cir. 1994). In making that determination, the Court is to consider: 1) whether the declaratory judgment action is justiciable; 2) whether the Court has authority to grant declaratory relief; and 3) whether to exercise its discretion to decide or to dismiss the action.

A. Justiciability of Controversy

The dispute before the Court involves the existence and extent of coverage under Essex's insurance policies for the claims against GCH and Hatten in the underlying state tort action. More specifically, Essex requests a declaratory judgment confirming that it owes GCH and Hatten neither a duty to defend nor to indemnify in the underlying state action. Accordingly, under Fifth Circuit precedent, an actual controversy exists. American States Insurance Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998).

B. Authority to Grant Relief

As a further matter, this Court clearly has the authority to grant declaratory relief pursuant to both the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Rule 57 of the Federal Rules of Civil Procedure. The controlling statutory provision states:

> In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of

---

[3] Parnell filed the present motion on March 3, 2006. As of today, she has submitted no supplementation demonstrating that she took any such action.

a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

In addition to the existence of an actual controversy, a requirement addressed in subsection II.A. supra, the Court must also satisfy itself that it has jurisdiction over the matter. Cursory review of the Complaint reveals that this Court possesses subject matter jurisdiction by virtue of 28 U.S.C. § 1332. Essex, the plaintiff, is incorporated in Delaware and has its principal place of business in Virginia. The defendants, GCH, Hatten and Parnell, are all citizens of Mississippi. Finally, the amount in controversy exceeds $75,000, exclusive of interest and costs. The requisites of diversity jurisdiction having been met, this Court does have authority to grant declaratory relief. See, e.g., Fidelity & Guaranty Insurance Underwriters, Inc. v. Sullian, 2006 WL 87618 (N.D. Miss., Jan. 11, 2006); American National Property & Cas. Co. v. Kelly, 2005 WL 3372344 (N.D. Miss., Dec. 12, 2005); In re Smith, 302 B.R. 530 (N.D. Miss. 2003).

    C.    Exercise of Discretion

The determination of whether to exercise discretion to dismiss or to decide a declaratory judgment action is necessarily fact-intensive and varies with the circumstances attendant to each case. Relevant factors to be considered include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist;
>
> 5) whether the federal court is a convenient forum for the parties and witnesses;

> 6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Trejo, 39 F.3d at 590.

Here, the first factor militates in favor of retaining the declaratory judgment action filed by Essex. It is not evident that all of the matters in controversy might be fully litigated in the underlying state court action. Parnell did not sue Essex in the state tort action, nor did she raise any of the coverage issues raised in the pending declaratory judgment action. Accordingly, though this federal action is related to the underlying state court action, the two proceedings are not truly parallel. As noted by the Fifth Circuit in Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.: "[T]his is not what the Supreme Court meant in Wilton by use of the term "parallel state proceedings," for there is no identity of parties or issues in the state and federal court suits." 149 F.3d 371, 373 (5th Cir. 1998). Here, as in Agora, the declaratory judgment plaintiff is not a party in the pending state proceeding; it could only bring the insurance issues before the state court by seeking intervention in the pending liability action or by filing a separate declaratory judgment action in state court. Id. As a further matter, a state court adjudication of Parnell's wrongful death claim "has no direct bearing on the insurance company's duty to defend and the scope of policy coverage; a federal decision on the insurance issues would likewise have no impact on the state court liability issues." Id. For these reasons, the first and last Trejo factors weigh against dismissal.

With regard to the second Trejo factor, Parnell cannot demonstrate that Essex filed suit in anticipation of a lawsuit by defendants; instead, Essex's decision to seek a coverage determination occurred subsequent to the filing of a state tort action against GCH and Hatten. The third Trejo

5

factor also weighs against dismissal inasmuch as Essex's decision to seek declaratory relief in federal court cannot reasonably be construed as forum shopping. Sherwin Williams Co. v. Holmes County, 343 F.3d 383, 399 (5th Cir. 2003). Essex's choice of a federal forum does not affect the law applicable to the controversy; Mississippi law applies to the matters in issue, whether they be decided in state or federal court. Likewise, nothing before the Court suggests that the fourth Trejo factor weighs against the exercise of jurisdiction in this case.

The final three Trejo considerations also weigh against dismissal. The federal forum is every bit as convenient as that of the underlying liability action. Both courts sit in Greenville, Mississippi. Retaining the lawsuit serves judicial economy. At the time Essex filed this declaratory judgment action, there had been no substantial forward progress in the state court lawsuit. Furthermore, early resolution of the coverage issues before the Court will work to the advantage of the parties to the liability action as they engage in settlement discussions and will avoid the possible need for a subsequent garnishment action in the event of a judgment against GCH and Hatten.

## CONCLUSION

After reviewing the applicable law and applying it to the record facts, it is evident that the only wise course lies in this Court's retention of the declaratory judgment action for later decision on the merits. Accordingly, the Court concludes that the defendant's Motion to Dismiss, Or In the Alternative, Remand to State Court [9-1] is not well-taken and should be denied. An Order will issue accordingly.

SO ORDERED, this the 30th day of October, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE