# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

ESSEX INSURANCE COMPANY                                **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 4:06CV23-P-B**

ANNETTE PARNELL, on behalf
of the Estate of the Wrongful Death
Beneficiaries of Albert O'Neal
Lindsey, Sr., Deceased, GREENVILLE
CONVALESCENT HOME, INC.;
and BONNIE HATTEN                               **DEFENDANTS**

## <u>ORDER</u>

This cause is before the Court on the defendants Greenville Convalescent Home, Inc. and Bonnie Hatten's Motion to Dismiss [10]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. <u>See Cramer v. Skinner,</u> 931 F.2d 1020 (5th Cir. 1991); <u>cert. denied</u>, 112 S. Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). Only the complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her/her claims which would entitle him/her to relief. The Court, having evaluated the instant motion under this standard, concludes that the defendants' Motion to Dismiss

is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants Greenville Convalescent Home, Inc. and Bonnie Hatten's Motion to Dismiss [10] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 30th day of October, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE